UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-21158
_____


MICHELLE CARLSON; ET AL,

                                        Plaintiffs,


MICHELLE CARLSON,

                                        Plaintiff-Appellant,

                          versus

ROCKWELL INTERNATIONAL CORP.; ROCKWELL SPACE OPERATIONS
COMPANY; JESSE CASTILLO,

                                        Defendants-Appellees.


_____

Appeal from the United States District Court for the
            Southern District of Texas
               (H-94-CV-1828)
_____


                November 11, 1997
Before REYNALDO G. GARZA, KING, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Michelle Carlson brought suit against her employer Rockwell

Space Operations Company ("RSOC"), its parent company, Rockwell

International Corp., and Jesse Castillo, who worked in her

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

department, alleging hostile work environment and retaliation under Title VII, 42 U.S.C. § 2000e, intentional infliction of emotional distress, assault, and negligent hiring, training, and supervision. The district court granted summary judgment to all defendants. On appeal, Carlson challenges the district court's grant of summary judgment to RSOC on all her claims except assault.[1] Carlson also challenges the grant of summary judgment to Castillo on her intentional infliction of emotional distress claims. For the reasons that follow, we affirm the judgment of the district court.

I.

Carlson first contends that the district court erred in granting summary judgment on her Title VII hostile work environment claims against RSOC. We disagree. Viewing the summary judgment evidence in the light most favorable to Carlson, there is no genuine issue of material fact regarding whether Castillo's conduct was severe and pervasive. *See DeAngelis v. El Paso Mun. Police Officers Ass'n*, 51 F.3d 591, 594 (5th Cir. 1995). Even assuming, however, that there is a genuine issue of material fact as to the severity and pervasiveness of Castillo's conduct, summary judgment was proper because RSOC took prompt remedial action in response to Carlson's complaints. *See Hirras v. National R.R. Passenger Corp.*, 95 F.3d 396, 399–400 (5th Cir. 1996); *Waltman v. International*

---

[1]    Carlson does not appeal the summary judgment granted to Rockwell International.

2

*Paper Co.*, 875 F.2d 468, 479 (5th Cir. 1989).

Carlson next argues that the district court erred in granting summary judgment on her Title VII retaliation claims against RSOC. This argument is also without merit. A retaliation claim requires proof of an adverse employment action. *Mattern v. Eastman Kodak*, 104 F.3d 702, 707 (5th Cir. 1997), *cert. denied*, ___ U.S. ___, 1997 WL 428570 (Oct. 20, 1997). In this case, there is no summary judgment evidence that Castillo suffered an adverse employment action as a result of her complaints against Castillo. Accordingly, the district court properly granted summary judgment on Carlson's retaliation claims.

Carlson also claims that the district court erred in granting summary judgment on her intentional infliction of emotional distress claims. She is mistaken. The summary judgment record presents no genuine issue of material fact regarding whether Castillo's conduct was "extreme and outrageous." Under Texas law, conduct is extreme and outrageous "only where the conduct has been so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *See Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)). Viewing the summary judgment evidence in the light most favorable to Carlson, Castillo's conduct was not extreme and outrageous.

Finally, Carlson argues that the district court erred in granting summary judgment on her negligent hiring, retention, and supervision claims. RSOC argued in the district court that in order for an employer to be liable under this theory, its employee must have engaged in actionable tortious conduct. Carlson did not take issue with RSOC's position, but rather maintained that Castillo had committed assault and intentional infliction of emotional distress. On appeal, Carlson cites no authority to support her position that her negligent hiring, retention, and supervision claims should be allowed to proceed to trial absent evidence that would support a finding that Castillo's conduct was itself tortious. Accordingly, we conclude that summary judgment on Carlson's negligent hiring, retention, and supervision claims was proper.

## II.

Carlson next argues that the district court abused its discretion by refusing to grant her leave to file supplemental summary judgment evidence. Carlson sought to supplement the record with evidence from her own experts at a time when summary judgment motions had been pending for more than a year. The district court denied her leave to file, finding that the supplemental materials that Carlson sought leave to file were previously available to her. Under these circumstances, the district court acted well within its discretion. *See Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1076

4

(5th Cir. 1980).

III.

Finally, Carlson raises various objections to the district court's award of costs to Rockwell International and RSOC. We agree with the district court's conclusion that Carlson waived any objection to the cost award by failing to object to the bill of costs within five days of the award. *See* Fed. R. Civ. P. 54(d)(1). The local rules in the Southern District Texas provide that any "[o]bjections to allowance of the bill . . . must be filed within five days of the bill's filing." S.D. Local Rule 4(B).

For the foregoing reasons, the judgment of the district court is AFFIRMED.

5